UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PERMANENT GENERAL ASSURANCE
CORPORATION,

    Plaintiff,

v.                                                     Case No: 6:17-cv-1363-Orl-31TBS

TINA BYRD, EDWIN GROSS, LILLIAN
NELUBOVICH and DOUGLAS
REYNOLDS,

    Defendants.

## REPORT AND RECOMMENDATION

On July 24, 2017, Plaintiff, Permanent General Assurance Corporation ("The General") filed this action against Defendants seeking a declaratory judgment regarding what obligation, if any, The General has to indemnify and/or defend its insured, Defendant Tina Byrd, under an automobile insurance policy (Doc. 1). The General has pled that the Court has subject matter jurisdiction based on 28 U.S.C. § 1332, diversity of citizenship (Id., ¶ 13). After reviewing the complaint, I found reason to question this assertion and entered an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction (Doc. 7). After reading The General's response to that Order (Doc. 12), I find the Court lacks subject matter jurisdiction over this matter and therefore respectfully recommend that the action be **DISMISSED**.

### Standards of Law

Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon

Oil Co., 526 U.S. 574, 583 (1999)). Parties cannot consent to federal subject matter jurisdiction; it is a question of law for the Court to decide.

District courts have original diversity jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §1332(a)(1). Diversity jurisdiction exists only when there is complete diversity between the plaintiffs and defendants. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). In order to achieve "complete diversity," no party plaintiff may be a citizen of the same state as any of the defendants. Id.

"The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction." Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975) (citing Mas v. Perry, 489 F.2d 1396 (5th Cir. 1974)).[1] When a plaintiff files suit in federal court, it must allege facts that, if true, show federal subject matter jurisdiction over the case exists and those allegations, when federal jurisdiction is invoked based upon diversity, "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013). Residence and citizenship are not the same thing. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").The citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989); see also McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

2002) (domicile requires both residence in a state and "an intention to remain there indefinitely...." Id. at 1258) (internal quotation marks omitted).

## Discussion

Plaintiff originally sued four Defendants: Tina Byrd, Edwin Gross, Lillian Nelubovich, and Douglas Reynolds. As explained in the show cause Order, Plaintiff did not adequately plead the citizenship of all Defendants. In its Notice dated August 18, 2017, Plaintiff purports to dismiss its claim against Defendant Douglas Reynolds without prejudice (Doc. 11). For present purposes, I assume this dismissal is effective and examine the complaint and show cause response as to the remaining claims and parties.

The General alleges that it is an Ohio corporation, with its principal place of business in Tennessee (Doc. 1, ¶7). Thus, The General is a citizen of Ohio and Tennessee for purposes of the diversity analysis.[2] Defendants Edwin Gross and Lillian Nelubovich are alleged to be residents of Florida (Doc. 1, ¶¶ 9, 10). As residency is not enough, The General now offers exhibits to show that Gross and Nelubovich are citizens of Florida. The exhibits include what purports to be a public record from the Volusia County, Florida, Property Appraiser, showing that Gross and Nelubovich own real property as tenants by the entireties in Florida (Doc. 12-5). The General also tenders a State of Florida Traffic Crash Report from the Department of Highway Safety and Motor Vehicles which states that Gross has a Florida Driver's License, listing the same Florida address (Doc. 12-3 at 5).[3] The report also lists the same address as Nelubovich's

---

[2] For diversity purposes, a corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Although a company may conduct business in multiple places, the Supreme Court has determined that "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 130 S.Ct. 1181, 1192- 93, 175 L.Ed.2d 1029 (2010) (establishing "nerve center" test as uniform approach for determining corporate citizenship).

[3] The General argues that; "Obtaining a Florida Drivers' License is evidence of an intent to remain

residence (Id.). The docket reflects that Gross was served at this Florida address, and accepted substitute service for Nelubovich, as co-resident (Docs. 9-10). These Defendants recently filed an answer and affirmative defenses in which they admit that they are Florida "residents." (Doc. 13, ¶¶ 9-10). Finally, The General represents that it "has found no other addresses for them showing a different domicile or residence." On review, I find that The General has shown by a preponderance of the evidence that Gross and Nelubovich are citizens of Florida.

As for Tina Byrd, the remaining Defendant, The General alleges that "at all times material to this action, Tina Byrd was a resident of the State of Florida." (Doc. 1, ¶8). However, The General also alleges: "On January 22, 2017, The General sent a "Notice of Cancellation" to Tina Byrd at her insurance policy address **and last known address, 714 Kima Road, Crossville, Tennessee 38572.**" (Doc.1, ¶18 – emphasis added). In contrast to the showing as to the citizenship of Gross and Nelubovich, The General presents no evidence of any Florida driver's license, real estate ownership, employment or other indicia of Florida citizenship for Ms. Byrd. Rather, The General argues that: "In March 2017, The General learned that Ms. Byrd had moved from Tennessee to Florida in order to find work. The General was advised that while she was in Florida looking for employment and a place to stay, she was involved in two accidents, for which she was arrested and is currently incarcerated." The General served process on Byrd "at the Volusia County Jail" and states that "there is a good faith basis to believe that Ms. Byrd will be unable to leave Florida, and will be a resident of the Florida Department of Corrections for the anticipated future."

---

in Florida and become a permanent resident." (Doc. 12 at 7).

"Statements by counsel in briefs are not evidence." Skyline Corp. v. N.L.R.B., 613 F.2d 1328, 1337 (5th Cir.1980); see also Travaglio, 735 F.3d at 1270 ("In short, the only statement in the record that arguably could be read to demonstrate Travaglio's citizenship is an unsworn statement in a brief. Because that statement is not evidence, we cannot rely solely upon it to decide that subject matter jurisdiction exists. As a result, we cannot agree that there is adequate evidence in the record to overcome Travaglio's deficient jurisdictional pleadings."). Setting aside the unsworn statement as to what The General "learned," about Ms. Byrd's actions and intentions,[4] what the record shows is that Ms. Byrd currently "resides" as a prisoner in a Florida jail. As this district has recognized:

> A prisoner's place of incarceration does not establish citizenship. Polakoff v. Henderson, 370 F.Supp. 690, 693 (N.D.Ga.), aff'd, 488 F.2d 977 (5th Cir.1974). A prisoner's citizenship is determined by his domicile prior to incarceration. Polakoff, 370 F.Supp. at 693; Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir.1996) ("A forcible change in a person's state of residence does not alter his domicile; hence the domicile of [a] prisoner before he was imprisoned is presumed to remain his domicile while he is in prison."); Lima v. Diaz, No. 95-734-CIV-T-17B, 1995 WL 75922, at *1 (M.D.Fla. Dec.18, 1995).

Jones v. Law Firm of Hill & Ponton, 141 F. Supp. 2d 1349, 1355-56 (M.D. Fla. 2001). The General must show that Ms. Byrd was a citizen of Florida despite her incarceration, not because of it. The General's assertion that Ms. Byrd's incarceration makes her a citizen of Florida "for the foreseeable future" is not sufficient.

Looking to Ms. Byrd's citizenship prior to incarceration, the only evidence presented is that she was a citizen of Tennessee. According to the accident report provided by The General, Ms. Byrd's "current address" is in Crossfield, Tennessee (Doc.

---

[4] There is no declaration or affidavit from anyone attesting to the hearsay described by Plaintiff.

12-3 at 2); her car is registered in Tennessee (id.); and she has an unexpired Tennessee driver's license (Doc. 12-3 at 3).[5]

"A change of domicile may be effected only by a combination of two elements: (a) taking up residence in a different domicile with (b) the intention to remain there." Mas v. Perry, 489 F.2d 1396, 1399-1400 (5th Cir. 1974) (student did not lose Mississippi citizenship; holding "[u]ntil she acquires a new domicile, she remains a domiciliary, and thus a citizen, of Mississippi."). The General has not presented evidence with respect to either element–there is no showing that Ms. Byrd has a residence in Florida, or that she intends to remain (this would include employment, voter's registration, changing driver's license or car registration, etc.). Even if the Court were to credit the unsworn hearsay that Ms. Byrd entered Florida to look for work, this alone is insufficient to find that she established a residence here and intended to remain. On this record, Ms. Byrd remains a citizen of Tennessee. As such, there is no diversity and this Court lacks subject matter jurisdiction over this dispute.[6]

### Recommendation

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). As this appears to be the case, it is **respectfully recommended** that the case be dismissed, without prejudice to pursuit in state court.

---

[5] As The General observed - "Obtaining a Florida Drivers' License is evidence of an intent to remain in Florida and become a permanent resident." (Doc. 12 at 7). Ms. Byrd maintained her Tennessee vehicle registration and license.

[6] In the show cause Order, I raised a separate concern about the showing as to the amount in controversy. As I find diversity is lacking, there is no need to address this concern further.

- 6 -

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 23, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties